UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUDY GLUCK

                                                               Case No. 13-cv-0297

                    Plaintiff,                    Hon. Richard J. Sullivan

           v.                          **ANSWER WITH AFFIRMATIVE**
                                                      **DEFENSES**

CRANER, SATKIN, SCHEER &
SCHWARTZ, P.C.

                    Defendant.
-----------------------------------------------------------X

       Defendant, Craner, Satkin, Scheer & Schwartz, P.C. (hereinafter referred to as, "Defendant") by and through its attorneys, Winget, Spadafora & Schwartzberg, LLP, as and for its Answer to Plaintiff's Complaint, alleges as follows:

       1.      Defendant denies the allegations contained in Paragraph "1" of the Complaint and respectfully refers all questions of law to the Court.

       2.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "2" of the Complaint.

       3.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "3" of the Complaint.

       4.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "4" of the Complaint.

       5.      Defendant admits that its principal place of business is in New Jersey.

       6.      Defendant denies the allegations contained in Paragraph "6" of the Complaint.

       7.      Defendant denies the allegations contained in Paragraph "7" of the

Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "8" of the Complaint and respectfully refers all questions of law to the Court.

9. Defendant denies the allegations contained in Paragraph "9" of the Complaint and respectfully refers all questions of law to the Court.

10. Defendant denies the allegations contained in Paragraph "10" of the Complaint.

11. Defendant denies the allegations contained in Paragraph "11" of the Complaint, except admits that Plaintiff refers the Court to a letter dated July 17, 2012, for its language, intent and legal meaning.

12. Defendant denies the allegations contained in Paragraph "12" of the Complaint except admits that it is a law firm.

13. Defendant denies the allegations contained in Paragraph "13" of the Complaint and respectfully refers all questions of law to the Court.

14. Defendant denies the allegations contained in Paragraph "14" of the Complaint, except admits that Plaintiff has attached an exhibit to the Complaint and refers the Court to the exhibit for its language, intent and legal meaning.

15. Defendant denies the allegations contained in Paragraph "15" of the Complaint.

16. Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. Defendant denies the allegations contained in Paragraph "17" of the

Complaint.

18. Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19. Defendant denies the allegations contained in Paragraph "19" of the Complaint and respectfully refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

20. Defendant repeats and realleges the responses to Paragraphs "1" through "19" of the Complaint as if fully set forth herein.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in Paragraph "22" of the Complaint and respectfully refers all questions of law to the Court.

23. Defendant denies the allegations contained in Paragraph "23(a) – (e)" of the Complaint and respectfully refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

24. Defendant repeats and realleges the responses to Paragraphs "1" through "23" of the Complaint as if fully set forth herein.

25. Defendant denies the allegations contained in Paragraph "25" of the Complaint and respectfully refers all questions of law to the Court.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint and respectfully refers all questions of law to the Court.

27.    Defendant denies the allegations contained in Paragraph "27" of the Complaint and respectfully refers all questions of law to the Court.

28.    Defendant denies the allegations contained in Paragraph "28" of the Complaint and respectfully refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to join all persons and/or entities necessary for the just adjudication of this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, all of which is expressly denied, then such damages were caused, either in whole or in part, by the Plaintiff's own or her agents' culpable conduct, fault and/or negligence, and any recovery herein shall be diminished accordingly in whole or in part.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff has sustained any damages as alleged in the Complaint, all of which is expressly denied, then such damages were caused by the culpable conduct, fault and/or negligence of other persons and/or entities over which Defendant had no control,

with no act or omission on the part of Defendant contributing thereto.

### AS AND FOR FIFTH AFFIRMATIVE DEFENSE

The damages alleged to have been suffered by the Plaintiff were caused in whole or in part by the conduct of persons or entities other than Defendant. Therefore, Plaintiff's claims are barred or diminished in the proportion that such culpable conduct of other persons or entities bear to the total culpable conduct causing damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel and unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering by virtue of her failure to mitigate her damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

If a violation of any section of the Federal Fair Debt Collection Practices Act (FDCPA) is found, said violation is a trivial and unintentional violation of the FDCP which resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The answering Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant was acting as a law firm on behalf of its clients and any allegation that it violated 15 U.S.C. §1692e(3) is without merit.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint, for costs and disbursements of this action, including attorneys' fees; and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 12, 2013

                        Respectfully submitted,

                        WINGET, SPADAFORA &
                        SCHWARTZBERG, LLP

                        _____/s/ Matthew Tracy_____
    By:  Matthew Tracy, Esq. (MT-2503)
           Winget, Spadafora & Schwartzberg, LLP
           45 Broadway, 19th Floor
           New York, New York 10016
           Telephone: (212) 221-6900
           Facsimile: (212) 221-6989

           *Attorneys for Defendant*